**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JAMES PETTUS,
                Plaintiff,
    v.                                No. 06-CV-152
                                            (NAM/DRH)
C.O. BROWN; LIEUTENANT McGEEVER;
SUPT. CORCORAN; and SUPT. McGINNIS,

                Defendants.

---

**APPEARANCES:**                           **OF COUNSEL:**

JAMES PETTUS
No. 03-R-3597
Plaintiff Pro Se
Great Meadow Correctional Facility
Post Office Box 51
Comstock, New York 12821-0051

HON. ANDREW M. CUOMO            BRUCE J. BOIVIN, ESQ.
New York State Attorney General        Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se James Pettus ("Pettus"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, four DOCS employees, violated his constitutional rights under the First, Fourth, Eighth, and Fourteenth Amendments. Compl. (Docket No. 1).

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Presently pending are Pettus' motion to compel and defendants' cross-motion to dismiss pursuant to 28 U.S.C. § 1915(g).  Docket Nos. 16, 18.  Both motions are opposed.  Docket Nos. 18, 20.  For the following reasons, it is recommended that defendants' cross-motion to dismiss be granted and Pettus' motion to compel be denied without prejudice.

## I.  Background

Pettus is intimately familiar with the litigation process, having filed over fifty federal actions in courts in the Second Circuit since 1999.  See U.S. Party/Case Index (visited May 30, 2007) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>;  see also Pettus v. Goord, No. Civ. 04-253 (LEK/RFT), 2006 WL 2806551, at *1 n.1 (N.D.N.Y. Sept. 28, 2006) (detailing Pettus' extensive litigation history in the federal courts).  Pettus' lawsuits all appear to relate, in one fashion or another, to his incarceration in DOCS facilities at various times since 1999.  The instant complaint contains four causes of action and various other allegations.  See Compl.  Among the allegations contained in the complaint are: (1) filing of false misbehavior reports; (2) illegal search and seizure; (3) malicious prosecution; (4) denial of proper meals; and (5) racial discrimination.

## II. Defendants' Cross-Motion to Dismiss

Defendants seek dismissal of the complaint under 28 U.S.C. § 1915(g), which bars prisoners from proceeding in forma pauperis ("IFP") after three or more previous claims have been dismissed as frivolous, malicious, or for failing to state a claim.  See 28 U.S.C. §

2

1915(g) (2006).[2]  This "three strikes" provision contains a narrow exception which permits suits, notwithstanding prior dismissals, when the prisoner is "under imminent danger of serious physical injury."  Id.

Here, the Second Circuit has dismissed eight of Pettus' appeals because they were either "frivolous" or "lack[ed] an arguable basis in fact or law."  See Pettus v. Singn, No. Civ. 05-2251 (2d Cir. Dec. 21, 2005); Pettus v. Mangano, No. Civ. 05-3048 (2d Cir. Dec. 7, 2005); Pettus v. Clarke, No. Civ. 05-1314 (2d Cir. Nov. 18, 2005); Pettus v. Zimms, No. Civ. 04-6174 (2d Cir. Oct. 3, 2005) (warning Pettus that "future filing of frivolous appeals in this Court may result in the imposition of sanctions"); Pettus v. Holmes, No. Civ. 05-1280 (2d Cir. Sept. 23, 2005); Pettus v. West, No. Civ. 05-603 (2d Cir. July 8, 2005); Pettus v. Duois, No. Civ. 04-5893 (2d Cir. Feb. 24, 2005); Pettus v. Halem, No. Civ. 01-223 (2d Cir. Jan. 28, 2002); see also Boivin Decl. (Docket No. 18) at Exs. F-G, K-M, O, Y, AA (attaching copies of the relevant Second Circuit decisions).

Further, the Eastern, Southern, and Western Districts of New York have already barred Pettus pursuant to § 1915(g) from filing any IFP complaints unless he is under imminent danger of serious physical injury.  See Pettus v. Mangano, No. Civ. 05-1834 (RJD), 2005 WL 1123761, at *1 (E.D.N.Y. May 9, 2005) ("In light of [Pettus'] extensive history of filing meritless lawsuits . . . this Court has barred [Pettus] pursuant to 28 U.S.C. § 1915(g) from filing any [IFP] complaints unless he is under imminent danger of serious physical injury"); Pettus v. Clarke, No. Civ. 05-1439 (MBM), at Docket No. 5 (S.D.N.Y. Feb. 4, 2005)

---

[2] The three strikes provision was adopted as part of the Prison Litigation Reform Act ("PLRA") which had as its principal purpose deterring frivolous prisoner litigation. Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir. 1997).

("[Pettus] continues to be barred from filing any civil action in this court under the [IFP] statute while he is a prisoner, unless his allegations bring his complaint within the terms of the statute's 'imminent danger' exception"); Pettus v. West, No. Civ. 05-6006 (WMS), at *2-3 (W.D.N.Y. Jan. 21, 2005) ("[B]ecause [Pettus] has had three or more 'strikes' for purposes of 28 U.S.C. § 1915(g) and because [Pettus] has made no allegation here that he is in imminent danger of serious physical injury, the request to proceed [IFP] is hereby denied."). Thus, Pettus clearly has had at least three cases previously dismissed as frivolous or failing to state a claim. Moreover, a review of Pettus' complaint here shows that he was not facing imminent danger at the time he filed his complaint. Nor is dismissal here precluded by the fact that Pettus has already been granted IFP status in this action. Docket Nos. 2, 5. When a court becomes aware of three prior strikes only after granting IFP status, it is appropriate to revoke that status and bar the complaint under § 1915(g). See McFadden v. Parpan, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998).

Therefore, it is recommended that the order granting IFP status to Pettus be vacated and that Pettus' complaint be dismissed unless he pays the filing fee of $250.00 within thirty (30) days of the entry of a final order by the district court. Further, because of Pettus' extensive history of filing meritless lawsuits chronicled above, it is recommended that this Court preclude Pettus pursuant to 28 U.S.C. § 1915(g) from filing any IFP complaints in this district unless he is under imminent danger of serious physical injury.

### III. Motion to Compel

On December 13, 2006, Pettus filed a motion to compel. Docket No. 16. However, in light of the recommendation herein that the complaint be conditionally dismissed, it is

ordered that the motion to compel be denied without prejudice to renewal if the filing fee is paid or if the district court denies defendants' cross-motion to dismiss.

### IV.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion to dismiss (Docket No. 18) be **GRANTED** and that:

    1. The order granting Pettus' IFP status (Docket No. 5) be **VACATED**;

    2. The complaint be **DISMISSED** as to all defendants and all claims unless Pettus pays the filing fee of $250.00 within thirty (30) days of the entry of a final order by the district court; and

    3. Pettus be **BARRED** from filing any IFP complaints in this district unless he is under imminent danger of serious physical injury; and

**IT IS ORDERED** that Pettus' motion to compel (Docket No. 16) be **DENIED** without prejudice to renew if the filing fee is paid.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  June 5, 2007  
    Albany, New York

_David R. Homer_  
United States Magistrate Judge